UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIMONE DICKSON, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 1:22-cv-02017 (UNA) <br> ) |
| HEATHER HUGHES, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

## **MEMORANDUM OPINION**

This matter is before the court on plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint, ECF No. 1. The court will grant the IFP application and dismiss the complaint for the reasons explained herein.

Plaintiff, a resident of Reston, Virginia, sues a Schenectady, New York family court judge, a supervisor at the Schenectady County Office of Children and Family Services, and an employee at Schenectady County Department of Social Services. She demands millions of dollars in damages, alleging that defendants have "falsified legal documents" to keep her "son in foster care for 6 years." She cites only to federal criminal statutes, alleging that defendants violated the Racketeer Influenced and Corrupt Organizations Act, and committed acts of fraud and torture, by allegedly maintaining her son in foster care "under false pretenses," and she demands that defendants "be detained and apprehended until the proceedings are over." She has also filed a motion, ECF No. 4, seeking to overturn the proceedings in Schenectady and to the return her son to her custody.

Plaintiff faces hurdles here that she cannot overcome. Notably, she has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. Insofar as plaintiff contests state custody determinations, any such allegations fail to implicate constitutional or federal statutory rights, and as such, should be contested in the relevant local court where the proceedings were initiated. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). "Events may not have unfolded as Plaintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Put simply, "federal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Moreover, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

To the extent that plaintiff intends to rely on diversity of citizenship, it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Here, while indeed, plaintiff resides in Virginia, and the defendants are located in New York, there is a complete absence of any connection between the intended claims and the District of Columbia. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

Furthermore, insofar as plaintiff seeks resolution through criminal charges or investigation of some kind, she has failed to state a claim, because "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Consequently, she may not initiate criminal proceedings against defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Finally, plaintiff has sued a judge, but a court is immune from suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took

was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

    For all of the foregoing reasons, this complaint, ECF No. 1, and this case are dismissed, and the motion, ECF No. 4, is denied.  A separate order accompanies this memorandum opinion.

DATE: October 7, 2022                              _____s/s_____
                                                                       COLLEEN KOLLAR-KOTELLY
                                                                    United States District Judge